UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLE DENISE BURT, | Case No. 22-cv-00441-TSH |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| SSA COMMISSIONER, | |
| Defendant. | |

## I.    INTRODUCTION

After Plaintiff Nikole Denise Burt brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case, and the Commissioner subsequently issued a decision in her favor.  Plaintiff's attorney, Francesco Benavides, now seeks $15,000 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 24.  For the following reasons, the Court **GRANTS** the motion.

## II.    BACKGROUND

Plaintiff brought this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g).  On June 2, 2022, the Court granted the parties' stipulation to remand for further proceedings.  ECF No. 20.  The Court subsequently granted the parties' stipulation for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $6,900. ECF No. 23.

On remand, the Commissioner granted Plaintiff's application and awarded retroactive benefits.  Mot., Ex. 1 (Notice of Award), ECF No. 24-1.  The notice did not specify the total amount of Plaintiff's back-due award of disability benefits but advised Plaintiff that 25% of her past-due benefits were being withheld to pay attorney fees.  *Id.* at 3.  The combined total of the

past-due benefits being withheld to pay attorney fees, equating to 25% of the back-due award, was $24,772. *Id.*

Under a contingent-fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits award. Mot., Ex. 3 (Fee Agreement), ECF No. 24-3. Benavides requests a fee of $15,000. Mot. at 3. The government filed a statement of non-opposition, disclaiming any direct financial stake in the outcome of this motion and affirming its role in fee determination as akin to a "trustee for the claimants." ECF No. 26 at 2 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). Plaintiff has not filed an objection to the motion for fees and the deadline for doing so has passed.

### III.    LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht*, 535 U.S. at 805.

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness."

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at

2    808).  The court should consider "the character of the representation and the results the

3    representative achieved," and determine "whether the amount [of fees specified in the contingency

4    fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits

5    that are not in proportion to the time spent on the case."  *Id.* at 1151.  The reasonableness

6    determination is not governed by the lodestar method, because "[t]he lodestar method under-

7    compensates attorneys for the risk they assume in representing [social security] claimants and

8    ordinarily produces remarkably smaller fees than would be produced by starting with the

9    contingent-fee agreement."  *Id.* at 1150.  However, "the court may require counsel to submit a

10   record of hours spent and a statement of normal hourly billing charges[,] . . . but only *as an aid* in

11   assessing the reasonableness of the fee."  *Id.* (emphasis in original).

12       Additionally, a § 406(b) fee award is offset by any award of EAJA fees.  Thus, if the court

13   awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the

14   claimant the amount of the smaller fee."  *Gisbrecht*, 535 U.S. at 796 (citation omitted).

## IV.    DISCUSSION

16       The Court finds counsel has met his burden to demonstrate the requested fees are

17   reasonable.  First, counsel has presented a valid contingent fee agreement.  Mot., Ex. 3.  Benavides

18   states he has been practicing Social Security law for approximately 15.5 years and, outside of

19   contingency fee related representation, his hourly rate ranges from $350 to $550 per hour.

20   Benavides Decl. ¶¶ 6-7, ECF No. 24.  Second, he has supplied timesheets documenting hours

21   worked.  Mot., Ex. 4 (timesheet), ECF No. 24-4.  Benavides states he spent 35.7 hours working on

22   this case, leading to an effective hourly rate of $420.17 per hour.  *Id.*; Benavides Decl. ¶ 9.  Third,

23   there is no evidence that counsel's work was substandard or that the fee award is disproportionate

24   to the amount of work on the case, and the effective hourly rate is within the range of what courts

25   have approved under § 406(b).  *See, e.g., E.P. v. Bisignano*, 2025 WL 3771618, at *2 (N.D. Cal.

26   Dec. 31, 2025) (awarding Mr. Benavides's fee request that provides an hourly rate of $1,017.34);

27   *Guttig v. SSA Comm'r*, 2025 WL 3539155, at *2 (N.D. Cal. Dec. 10, 2025) (awarding Mr.

28   Benavides's fee request that provides an hourly rate of $984.85); *Ainsworth v. Berryhill*, 2020 WL

3

6149710, at *2 (N.D. Cal. Oct. 20, 2020) (awarding fee request that provides an hourly rate of $1,325.34); *Villa v. Astrue*, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving § 406(b) fees exceeding $1,000 per hour and noting: "Reducing § 406(b) fees after *Crawford* is a dicey business"). Moreover, counsel obtained an excellent result for his client and took on the risk of contingent representation. The Court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."). As such, the requested fee is also reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants.

Once the Court determines the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.* Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $6,900 in EAJA fees previously awarded. *See Crooks v. Kijakazi*, 2022 WL 1469519, at *2 (N.D. Cal. May 10, 2022) (finding § 406(b) request reasonable and directing counsel to refund to client fees previously awarded under the EAJA).

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $15,000, payable to Francesco Benavides. Counsel is **ORDERED** to refund the $6,900 EAJA fee award to

Plaintiff.

**IT IS SO ORDERED.**

Dated: January 9, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California